HELEN J. BROOKFIELD *et al.*

*v.*

THE CITY OF STERLING.

*Opinion filed February 21, 1905.*

1. SPECIAL ASSESSMENTS—*amendments of 1903 to section 4 of Improvement act are invalid.* The amendments of 1903 to section 4 of the Local Improvement act, which do away with the necessity of a property owners' petition for an improvement in cities of certain population, are unconstitutional and void. (*L'Hote* v. *Village of Milford,* 212 Ill. 418, followed.)

2. SAME—*absence of a property owners' petition invalidates all steps in the proceeding.* Absence of a property owners' petition for an improvement, where one is required by law, is a defect going to the existence of the proceeding, and all steps taken to levy the assessment are void.

APPEAL from the County Court of Whiteside county; the Hon. HENRY C. WARD, Judge, presiding.

A. A. WOLFERSPERGER, C. H. WOODBURN, C. L. & C. E. SHELDON, and JARVIS DINSMOOR, for appellants.

I. L. WEAVER, and C. C. JOHNSON, for appellee.

Per CURIAM : This is an appeal from a judgment of the county court of Whiteside county confirming a special assessment against the property of the appellants, made under the Local Improvement act of 1897, as amended in 1903, for the paving and curbing of Avenue B, from West Third street to West Fourth street, in the city of Sterling. The assessment roll was filed on March 12, 1904, and thirty-two persons appeared and filed objections to the confirmation, which objections were overruled and judgment of confirmation entered.

The point relied upon for a reversal is, that the amendment made in 1903 to section 4 of the Local Improvement act is unconstitutional. We have held in the recent case of *L'Hote* v. *Village of Milford,* 212 Ill. 418, that this amendment is unconstitutional. The proceedings for this improvement were commenced without the necessary petition of the property owners, and therefore all of the steps taken to levy the assessment are avoided and the order of the county court confirming the assessment roll will have to be reversed.

There are several other objections urged, but in view of the fact that there was no petition filed, which defect goes to the very existence of the proceeding, we deem it unnecessary to consider the other points made, as they may be obviated in another proceeding in case the necessary petition is obtained.

The judgment of the county court is reversed and the case remanded, with directions to sustain the first objection.

*Reversed and remanded, with directions.*